IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff,

v.

ONE LOT OF SIX THOUSAND ONE-HUNDRED AND FIFTY DOLLARS IN U.S. CURRENCY ($ 6,150.00),

ONE LOT OF ONE-THOUSAND SEVEN HUNDRED AND FIFTEEN DOLLARS IN U.S. CURRENCY ($ 1,715),

ONE 50 INCH ZENITH PLASMA TELEVISION, SERIAL NUMBER 509RMWV046609,

ONE 32 INCH SAMSUNG PLASMA TELEVISION, SERIAL NUMBER AEHT3CLC402272A,

ONE 40 INCH SONY PLASMA TELEVISION, SERIAL NUMBER 8085472,

ONE 19 INCH INSIGNIA TV/DVD ALL-IN-ONE, SERIAL NUMBER DCOUEOEO800D77752500, and

ONE 15 INCH SHARP LCD TV, SERIAL NUMBER 50484205,
Defendants

CA 08 100 T

Civil Action Number ________________

**VERIFIED COMPLAINT FOR**
**FORFEITURE IN REM**

Plaintiff the United States of America (the "United States") brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following seven items of property under 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6):

(a) one lot of, more or less, six thousand one-hundred fifty dollars in U.S. currency ("$ 6,150"),

(b) one lot of, more or less, one-thousand seven hundred and fifteen dollars in

U.S. Currency ("$ 1,715"),

(c) one 50 inch Zenith plasma television, serial number 509RMWV046609,

(d) one 32 inch Samsung plasma television, serial number AEHT3CLC402272A,

(e) one 40 inch Sony plasma television set, serial number 8085472,

(f) one 19 inch Insignia TV/DVD all-in-one, serial number DCOUEOEO800D77752500, and

(g) one 15 inch Sharp LCD TV, serial number 50484205.

Hereinafter, these seven items of property are collectively referred to as the "Defendant Property."

**THE DEFENDANTS IN REM**

2. The Defendant Property consists of the aforementioned seven items of property itemized and described with specificity at paragraph 1 above. The Defendant Property was seized from the residence of Anthony Robinson at 1[illegible], Providence, Rhode Island on January 29, 2008. The $ 6,150 and $ 1,715 of the Defendant Property have been deposited with the United States Marshals Service in Providence, Rhode Island. All remaining items are presently in the custody of the Rhode Island Food and Drug Administration/Office of Criminal Investigations Task Force Food in North Providence.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing of this complaint, the United States requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district under 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and under 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

6. Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), because it constitutes property involved in a transaction and an attempted transaction in violation of sections 1956, 1957, and/or 1960 of Title 18, United States Code, or property traceable to such property.

7. Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of a "specified unlawful activity" as defined in 1956(c)(7), which specifically includes, by reference to 18 U.S.C. § 1961(1), an act indictable under 18 U.S.C. § 1956 and the felonious manufacture, receiving, concealment, buying, selling, or otherwise dealing in controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act).

8. Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it constitutes (a) money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, (b) proceeds traceable to such an exchange, and/or (c) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

9. As set forth in the attached and herein incorporated Declaration of Special Agent Jason Simonian, Defendant Property was seized on January 29, 2008 pursuant to the execution of a federal search warrant at [redacted], Providence, Rhode Island. The second floor of the building at that address is the residence of Anthony Robinson ("Robinson"), and the Defendant Property was all seized from Robinson's residence.

10. The investigators who executed the warrant found a substance suspected to be marijuana inside a pillow on Robinson's bed. The substance was later confirmed to be marijuana. Next to the marijuana, the investigators found $ 1,715.

11. In the top drawer of the night table in Robinson's bedroom, investigators who executed the warrant found a white sock containing a substance suspected to be cocaine and that

was later confirmed to be cocaine. Next to the sock, the investigators found a wallet containing various forms of identification for Robinson and $ 6,150.

12. Robinson told the investigators that he provided cocaine, approximately thirty-one grams per week, to his neighbor on the lower level of [redacted] in exchange for prescription drugs. The street value of 31 grams of crack cocaine is $ 1,200.

13. Robinson told the investigators that he purchases powder cocaine and cooks it into crack cocaine in his apartment and then distributes the crack cocaine to individuals other than his neighbor.

14. Robinson told the investigators that his principal source of income is illicit drug sales.

15. Robinson told the investigators that the televisions seized from his residence, all items comprising the Defendant Property and specifically identified at (c) – (g) of paragraph one above, were likely bought using the proceeds of his illicit drug sales. Robinson told the investigators that the $ 6,150 and $ 1,715, both items comprising the Defendant Property and specifically identified at (a) – (b) of paragraph one above, are likely the proceeds of illicit drug sales.

16. On January 29, 2008, the day the search warrant was executed, the investigators arrested Robinson, and he was charged under a Rhode Island criminal complaint with manufacture of a controlled substance and possession with intent to deliver controlled substances. As of the date of this filing, this criminal matter is still pending.

17. On February 22, 2008, Robinson appeared before Magistrate Judge Susan L. Evans in Rhode Island's Sixth District Court and pleaded *nolo contendere* to violating the terms of his probation. Robinson was subject to probation based on a prior controlled substance offense conviction.

18. Based on the facts set forth in the Declaration, all of which are incorporated herein and some of which are set forth above, the United States respectfully submits that the Defendant Property is subject to forfeiture and condemnation to the United States under 18

U.S.C. § 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6).

Respectfully submitted,

UNITED STATE OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Milind M. Shah
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax
Email: milind.shah@usdoj.gov

Dated: March 14, 2008

**VERIFICATION**

I, Special Agent Jason Simonian, hereby verify and declare under penalty of perjury that I am a Sergeant with the Bristol Police Department, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the factual matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are set forth in detail in my Declaration, which is attached to the Complaint.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Special Agent Jason Simonian

Dated: March 14, 2008